HICKMAN
*v.*
BAILEY.

---

### EXECUTORS OF B. SHIELDS *v.* MARY MATHEISON.

Motion to dismiss appeal. No answer had been filed, but an order allowing defendant an appeal appeared of record, as having been made on motion in open court; but the name of the counsel making the motion did not appear. *By the Court:* Where there is counsel of record, an order of court, purporting to be granted on motion of the counsel of the party, is legal and binding, because it is presumed to refer to the counsel of record, and it is unnecessary to name him. But when a party has no counsel of record, and applies by counsel for an order which could only be granted on petition, or motion, it must appear by the record who is the counsel undertaking to represent the party, in order that there may be some responsibility growing out of the act of the court in granting the order.

Appeal dismissed.

APPEAL from the District Court of the Parish of Rapides, *Cushman,* J. *M. Ryan,* for plaintiff. · *W. B. Hyman,* for defendant and appellant.

OGDEN, J. The appellee has moved to dismiss this appeal, on the ground that no legal order for an appeal was granted by the court below. The order of appeal was granted on motion, under the Act of the Legislature of 1843, which provides that the party intending to appeal, may do so either by petition or motion in open court, at the same term at which the judgment was rendered, and that when an appeal has been granted on motion in open court, no citation of appeal or other notice to appear, shall be necessary. It appears that no answer was filed by the defendant, and that she had no counsel of record, and the name of the counsel undertaking to represent her in moving for the appeal, is not mentioned in the record. The defendant could certainly have repudiated this act, if she had thought proper. Not having applied in person, nor by any attorney named on the record, it would be impossible to fix upon her any liability or any obligation to prosecute the appeal. It is true she afterwards filed an appeal bond, but although a married woman, it does not appear she was authorized by her husband to sign the bond; and if she was under no obligation to prosecute the appeal, because she had neither applied for it herself, nor employed any counsel to obtain it, the order of appeal cannot be considered legal and binding on the other party. Where there is counsel of record, an order of court, purporting to be granted on motion of the counsel of the party, is legal and binding, because it is presumed to refer to the counsel of record and it is unnecessary to name him, but when a party has no counsel of record, and applies by counsel for an order which could only be granted on petition or motion, it must appear by the record, who is the counsel undertaking to represent the party, in order that there may be some responsibility growing out of the act of the court in granting the order. A different practice would be extremely irregular and orders of court might be frequently granted, involving serious consequences without the means of rendering any one responsible for them.

The order of appeal was irregularly granted.

It is therefore ordered, that the appeal be dismissed.